```
IN THE UNITED STATES DISTRICT COURT FOR THE
          EASTERN DISTRICT OF OKLAHOMA
```

| | |
|---|---|
| KAILREYA N. BEAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-13-312-FHS-KEW |
| ) | |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION**

Plaintiff Kailreya N. Bean (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A).  A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ."  42 U.S.C. §423(d)(2)(A).  Social Security regulations implement a five-step sequential process to evaluate a disability claim.  *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910.  Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities.  20 C.F.R. §§ 404.1521, 416.921.  If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied.  At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1.  A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry.  If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work.  If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform.  Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work.  *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on January 30, 1991 and was 20 years old at the time of the ALJ's decision. Claimant completed her education through the ninth or tenth grade. Claimant has worked in the past as a dishwasher, fry cook, and snow cone maker. Claimant alleges

3

an inability to work beginning September 9, 2009 due to limitations resulting from bipolar disorder, depression, anxiety, panic attacks, paranoia, anger, memory and concentration problems, asthma, and pain and spasms in her back and hip.

**Procedural History**

On January 29, 2010, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Lantz McClain ("ALJ") on November 28, 2011 in Tulsa, Oklahoma. The ALJ issued an unfavorable decision on January 27, 2012. On January 12, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

**Decision of the Administrative Law Judge**

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform medium work with restrictions.

**Error Alleged for Review**

Claimant asserts the ALJ committed error in failing to

properly consider the opinion of the state agency physician evaluating Claimant's mental functional limitations.

**Consideration of the Opinion of the State Agency Physician**

In his decision, the ALJ determined Claimant suffered from the severe impairments of asthma, history of back and neck pain, and bipolar disorder. (Tr. 26). He concluded that Claimant retained the RFC to perform medium work except that she could only occasionally lift/carry 50 pounds, frequently lift/carry 25 pounds, stand and/or walk at least 6 hours out of an 8 hour workday, and sit at least 6 hours in an 8 hour workday. Claimant was required to work in air conditioned or heated environment and avoid exposure to fumes, odors, dust, gases, or poor ventilation. Mentally, Claimant can perform simple repetitive tasks with no more than incidental contact with the public. (Tr. 27). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of janitor, order filler, and press machine operator, all of which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 31). Based upon these findings, the ALJ concluded Claimant was not disabled from January 29, 2010 through the date of the decision. Id.

Claimant contends the ALJ failed to properly evaluate the

opinion of Dr. Dorothy Millican-Wynn, a state agency non-examining consultant.  Dr. Millican-Wynn completed a Mental RFC Assessment form on Claimant dated August 30, 2010.  She determined after her review that Claimant was markedly limited in the areas of the ability to understand and remember detailed instructions, the ability to carry out detailed instructions, and the ability to interact appropriately with the general public. (Tr. 443-44).  She also found Claimant was moderately limited in the area of the ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number or length of rest periods.  (Tr. 444).  In her functional capacity assessment, Dr. Millican-Wynn stated that Claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial work basis, could not relate to the general public and could adapt to a work situation.  (Tr. 445).

The totality of the ALJ's discussion of Dr. Millican-Wynn's opinion was the statement that "[t]he state agency psychologist determined the claimant could perform simple tasks with routine supervision, could relate to supervisors and peers on a superficial basis, and could adapt to a work situation."  (Tr. 29).  The ALJ specifically stated that he afforded the state agency consultants'

assessments "great weight" because they were based on rational analyses of the evidence and were supported by Claimant's positive response to anti-depressant and asthma medications, and no more than moderate objective findings. (Tr. 30).

Despite these findings of support for Dr. Millican-Wynn's opinion, the ALJ failed to reference in any way her finding that Claimant was markedly limited in her ability to understand, remember, and carry out detailed instructions. The ALJ did not include any such restriction in his RFC determination. (Tr. 27). Although he referenced it, the ALJ also did not include a limitation for relating to supervisors and peers only on a superficial work basis. Id. In effect, the ALJ rejected these findings by Dr. Millican-Wynn without providing specific, legitimate reasons for doing so.

The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for rejecting any such opinions. The ALJ must also give consideration to several factors in weighing any medical opinion. Id.; 20 C.F.R. § 416.927(d)(1)-(6). Moreover, an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the

7

parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007). On remand, the ALJ shall analyze Dr. Millican-Wynn's opinion in light of the totality of the medical record and provide a more detailed explanation of any rejection of its content. Upon doing so, the ALJ shall re-evaluate his RFC determination. If he determines the RFC should reflect the additional limitations found by Dr. Millican-Wynn, he should modify his hypothetical questioning of the vocational expert at step five accordingly.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 16th day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE